<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALEXANDER A. HARRIS, | No. 25cv3373 (EP) (MAH) |
| Plaintiff, | |
| v. | **OPINION** |
| CAPT. B. WILLIAMS, *et al.*, | |
| Defendants. | |

**PADIN, District Judge.**

*Pro se* Plaintiff Alexander A. Harris, a pretrial detainee[1] at Hudson County Correctional Center[2] ("HCCC") in Kearny, New Jersey, brings this action pursuant to 42 U.S.C. § 1983 on behalf of himself and inmates in housing units C5E, C5W, and C3 at HCCC. D.E.1 ("Complaint" or "Compl."). Plaintiff also filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). D.Es. 1-1 and 1-2 (collectively, ("IFP Application")).

Plaintiff's IFP Application establishes his financial eligibility to proceed without prepayment of the filing fee. D.E. 1-2. The Court will therefore **GRANT** his IFP Application and screen the Complaint for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). However, for the reasons explained below, the Court will **DISMISS** *without prejudice* the Complaint and provide Plaintiff leave to file an amended complaint.

---

[1] Harris did not indicate in the Complaint whether he is a pretrial detainee or a convicted and sentenced state prisoner. Compl. at 2. Because Harris is detained in a county jail, the Court will assume, for purposes of screening the Complaint, that Harris is a pretrial detainee.

[2] Harris variously refers to the detention facility where he is held as Hudson County Correctional Center and Hudson County Jail. For the sake of consistency, the Court will use the name Hudson County Correctional Center or the abbreviation "HCCC."

## I.    BACKGROUND[3]

Defendants in this action are HCCC Director Becky Scott, Captain B. Williams, Captain Martin, Sharonda Murrell, and Correctional Officer Addison[4] (collectively "Defendants").  Compl. at 1-2.  Plaintiff alleges that: (1) Defendants interfered with inmates' access to the courts by concealing library scheduling, hindering legal filings by not having functioning printers and copy machines, and by enforcing policies;[5] (2) Defendants retaliated against Plaintiff for filing grievances and lawsuits; (3) Defendants engaged in discriminatory practices by denying inmates, including Plaintiff, access to educational programs, drug treatment, outside recreation, and other amenities; (4) during court trips, inmates are handcuffed behind their backs and forced to endure extended periods without bathroom access; and (5) poor air quality at HCCC has caused inmates to suffer asthma, nosebleeds, high blood pressure, and other conditions.  *Id.* at 5.  These conditions have persisted from approximately November 2024 through April 2025.  *Id.*  In addition, Plaintiff raises a state law claim for intentional infliction of emotional distress.  *Id.*  Plaintiff seeks declaratory and injunctive relief as well as damages.  *Id.*

## II.    LEGAL STANDARD

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  However, courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which

---

[3] The facts in this section derive from the Complaint's well-pled factual allegations, which the Court presumes to be true for purposes of resolving this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] Plaintiff does not identify the first names of Captain B. Williams, Captain Martin or Correctional Officer Addison.

[5] Plaintiff does not describe any policies the HCCC Defendants enforced that interfered with inmates' access to courts.

relief may be granted, or seeks monetary relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).  The legal standard for dismissal under this section is the same as the Rule 12(b)(6) standard.  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Courts must liberally construe *pro se* complaints.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim under § 1983, a plaintiff must allege the violation of a constitutional right by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  A plaintiff must also allege each defendant's personal involvement in the alleged constitutional violation.  *Iqbal*, 556 U.S. at 676; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  There is no vicarious liability under § 1983.  *Id.*

## III.    ANALYSIS

### A.    Plaintiff's IFP Application

The Court has reviewed Plaintiff's IFP Application, which sufficiently establishes his inability to pay the filing fee for this action.  *See* IFP Application.  Therefore, the Court will **GRANT** Plaintiff's IFP Application.

### B.    Claims Asserted on Behalf of Other Inmates

By asserting claims on behalf of other inmates, Plaintiff is seeking to act as a class representative.  *See generally*, Fed. R. Civ. P. 23.  "[P]*ro se* litigants are generally not appropriate as class representatives."  *Hagan v. Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009); *Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) (per curiam) (holding the *pro se* plaintiff "may not represent a putative class of prisoners").  In line with these cases, the Court

concludes that Plaintiff may proceed only on his own behalf at this time, and therefore will **DISMISS** the Complaint as to all other plaintiffs he seeks to bring this suit on behalf of.

    **C.    First Amendment Claims**

        *1.    Access to courts*

Plaintiff alleges that various obstructions to library access and broken equipment interfered with his access to the courts. Compl. at 5. There are two recognized types of access to courts claims under the First Amendment, as explained in *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). The first, a "forward-looking" claim, seeks to remove obstacles to ongoing or future litigation. *Id.* at 413. The second, a "backward-looking" claim, arises where official acts have prevented a prisoner from litigating a claim that can no longer be pursued. *Id.* at 413-14. In both cases, the plaintiff must identify an arguable underlying claim that was lost or frustrated. *Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008); *accord*, *Rivera v. Monko*, 37 F.4th 909, 915-16 (3d Cir. 2022).

Here, Plaintiff does not identify any legal proceeding that was hindered, any underlying nonfrivolous legal claim that was lost, or how the HCCC Defendants were each personally involved in causing the obstruction. Accordingly, the Court will **DISMISS** *without prejudice* the First Amendment access to courts claims against the Defendants. In an amended complaint, Plaintiff should allege more facts upon which the Court can rely.

        *2.    Retaliation*

To state a retaliation claim under the First Amendment, a plaintiff must allege: (1) they engaged in constitutionally protected conduct; (2) the conduct was followed by an adverse action by prison officials; and (3) there is a sufficient causal link between the two. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

4

Plaintiff alleges he was retaliated against for filing grievances and lawsuits, but provides no facts about what retaliatory actions were taken or how Defendants were each personally involved.  *See* Compl.  Nor does Plaintiff allege a plausible causal connection between any protected conduct and any adverse action.  Courts have dismissed retaliation claims where the alleged causal link was speculative or unsupported.  *See, e.g., Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 268 (3d Cir. 2007) (noting that causation must be based on more than mere temporal proximity).  These conclusory allegations are insufficient, and the Court will there **DISMISS** ***without prejudice*** the First Amendment retaliation claims against the Defendants.

### D.    Fourteenth Amendment Equal Protection Claims

Plaintiff asserts that inmates[6] are denied equal access to programs and amenities.  Compl. at 5.  To state an equal protection claim, a plaintiff must allege that he was treated differently from similarly situated individuals and that the difference in treatment was intentional and without rational basis.  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008).  A court may uphold state action creating a classification on any conceivably valid purpose, even when the court itself supplies the hypothetical basis.  *Little v. Terhune*, 200 F. Supp. 2d 445, 452 (D.N.J. 2002) (citations omitted).

Plaintiff has not alleged facts suggesting intentional discrimination without a rational basis. *First*, he fails to identify which Defendants were responsible for the alleged unequal treatment between inmates.  *Second*, and most importantly, correctional facilities have a rational basis for distinguishing among inmate populations when it comes to access to educational, rehabilitative, or recreational programs, where limitations are based on security, classification, or resource

---

[6] The Court assumes Plaintiff refers to inmates in housing units C5E, C5W and C3 because he seeks to bring the Complaint on their behalf.  Compl. at 3, 5.

constraints. *See, e.g., Mathis v. Monza*, 530 F. App'x 124, 128 (3d Cir. 2013) (holding female detainees could receive hot meals while male detainees were limited to bagged meals based on security concerns where males had used trays and utensils as weapons and females had not); *see also Brian B. ex rel. Lois B. v. Com. of Pennsylvania Dep't of Educ.*, 230 F.3d 582, 586 (3d Cir. 2000) (holding space, cost, security, and greater need for educational opportunities provided rational basis to treat inmates across correctional facilities differently). Accordingly, the Court will **DISMISS** *without prejudice* the Fourteenth Amendment equal protection claims against Defendants as Plaintiff fails to state a claim.

###    E.    Fourteenth Amendment Conditions of Confinement Claim

Conditions-of-confinement claims by pretrial detainees are evaluated under the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To state a claim, a plaintiff must sufficiently plead facts that show conditions were objectively serious and imposed with deliberate indifference. *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005).

Plaintiff alleges inmates were subjected to (1) denial of bathroom access during court trips, and (2) poor air quality at HCCC, which caused adverse health effects. However, he does not describe any specific instances when he was personally denied access to a bathroom, he does not identify a specific Defendant responsible for denying access to a bathroom, nor does he allege sufficient facts to establish that a policy or practice existed to deny all bathroom access during transport. Similarly, Plaintiff does not allege Defendants had knowledge of the poor air quality at HCCC or that breathing the air posed a substantial risk to inmate health. Courts have dismissed similar claims for failure to allege personal involvement of the defendants or for failure to allege sufficient facts to show deliberate indifference. *See, e.g., Wilson v. New Jersey Dep't of Corr.*, No. 18-9591, 2020 WL 4530118, at *3 (D.N.J. Aug. 6, 2020) (citing *Carter v. Owens*, No. 17-182,

2017 WL 3107204, at *9-10 (D.N.J. July 21, 2017) and *Riley v. DeCarlo*, 532 F. App'x 23, 26 (3d Cir. 2013) (per curiam)).    Therefore, the Court will **DISMISS** *without prejudice* both the Fourteenth Amendment bathroom access claims against the Defendants as well as the Fourteenth Amendment air quality conditions-of-confinement claims against Defendants.

### F.    State Law Claim – Intentional Infliction of Emotional Distress

Under New Jersey law, a claim for intentional infliction of emotional distress ("IIED") requires extreme and outrageous conduct, intent or recklessness, causation, and severe distress. *Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355, 366 (1988).    Plaintiff alleges he suffered emotional distress, but does not describe any outrageous conduct by any Defendant that rises to the required level of extreme and outrageous.    The Court will therefore **DISMISS** *without prejudice* Plaintiff's IIED claim under New Jersey law against Defendants as he fails to state a claim.

## IV.    CONCLUSION

For the reasons stated above, the Court will: (1) **GRANT** Plaintiff's IFP Application; (2) **DISMISS** *without prejudice* all claims brought on behalf of other inmates;[7] (3) **DISMISS** *without prejudice* Plaintiff's First Amendment access to courts and retaliation claims against all Defendants; (4) **DISMISS** *without prejudice* the Fourteenth Amendment equal protection claims against all Defendants; (5) **DISMISS** *without prejudice* the Fourteenth Amendment conditions-of-confinement claims (bathroom access and air quality) against all Defendants; and (6) **DISMISS**

---

[7] Where more than one prisoner seeks to join in a complaint against a government entity, and they do not prepay the filing fee, *each* plaintiff must submit a complete application to proceed IFP if he desires the complaint to be filed on his behalf. *Johnson v. Camden Cnty. Warden*, No. 22-4624, 2023 WL 2238110, at *2 (D.N.J. Feb. 24, 2023) (citing *Hagan v. Rogers*, 570 F.3d 146, 154-56 (3d Cir. 2009)).

***without prejudice*** the state law claims for intentional infliction of emotional distress against all Defendants.  An appropriate Order accompanies this Opinion.

Dated: July 21, 2025

_____
Evelyn Padin, U.S.D.J.